**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JUAN MANUEL ESPINOZA GUTIERREZ,<br><br>            Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>            Respondent. | No. 23-3905<br><br>Agency No.<br>A205-466-816<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 23, 2025**
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Petitioner Juan Manuel Espinoza Gutierrez is a native and citizen of Mexico.

He petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his motion to reopen.  We have jurisdiction pursuant to 8 U.S.C. § 1252.

We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

The Court reviews a denial of a motion to reopen for abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law." *Id.* (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)).

The BIA did not abuse its discretion by denying Petitioner's motion to reopen as untimely. While Petitioner now asserts that equitable tolling applies and that the BIA failed to properly consider the requirements for equitable tolling, Petitioner never mentioned equitable tolling or the untimeliness of his motion. The burden is on the petitioner seeking equitable tolling to demonstrate that tolling is appropriate. *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024). Because Petitioner "made no attempt to explain how he was prevented from discovering former counsel's alleged errors, what efforts he took to investigate the suspected errors or pursue relief, or how those alleged errors prevented him from filing a timely motion to reopen," the BIA's decision to deny equitable tolling was not arbitrary or capricious.

**PETITION DENIED.**